```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
        UNITED STATES OF AMERICA                                        ORDER

                   -against-                                            16-CR-457-1 (NGG)

        MARK JOHNSON,

                         Defendant.
-----------------------------------------------------------------X
```

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Mark Johnson is charged with one count of conspiracy to commit wire fraud and nine counts of wire fraud. (Indictment (Dkt. 9) ¶¶ 36-40; Sept. 24, 2017, Ltr. Regarding Count 7 (Dkt. 128).) The court assumes familiarity with the allegations against Defendant, which are discussed at greater length in prior opinions. (May 22, 2017, Mem. & Order (Dkt. 61) at 1-3.)

Before the court is Defendant's motion in limine requesting that the court "take judicial notice of the fact that there is no statute or regulation forbidding the conduct described as 'front-running,' 'trading ahead,' or 'pre-hedging' in the institutional foreign exchange [("FX")] spot market." ((Def. Oct. 10, 2017, Ltr. ("Def. 2d Suppl. MIL") (Dkt. 142) at 1.) Defendant contends that, although regulators have promulgated rules governing similar transactions in other markets, those rules do not extend to the "spot" FX market or transactions with "Eligible Contract Participants," both of which are at issue in the present case. (Id.) From this, Defendant requests that the court both take judicial notice of the absence of regulations and also instruct the jury that "there is no law or regulation that prohibits a currency dealer like HSBC from buying currency in

advance of a fix transaction with a customer."[1] (Id. at 3.)

In support of his motion, Defendant points to cases holding that "a court may take judicial notice of relevant law and administrative regulations, either at the request of a party or sua sponte."[2] Rafiy v. Nassau, No. 15-CV-6497 (JFB) (GRB), 2017 WL 33597, at *4 (E.D.N.Y. Jan. 4, 2017); see also United States v. Bradford, 160 F.2d 729, 731 (2d Cir. 1947); United States v. Knauer ("Knauer I"), 635 F. Supp. 2d 203, 206 n.2 (E.D.N.Y. 2009). Those cases do not, however, contemplate judicially noticing a lack of law governing a certain point, an inquiry which is, by necessity, much more complex and ranging than assessing the content of an identified statute or regulation. Defendant points to no authority for his assertion that there are no laws or regulations prohibiting the kinds of trades at issue in this case, instead leaving the court to choose between accepting his representation and undertaking an unimaginably broad search of all potential sources of legal prohibitions to verify his claim. The court declines to take either route and instead concludes that taking judicial notice of the absence of an applicable legal

---

[1] In full, Defendant's proposed instruction reads:

> Jurors, you have heard testimony during this trial about HSBC traders buying pounds Sterling in advance of the fix when HSBC had agreed to sell pounds Sterling for US dollars to Cairn at the fix price. You have heard this practice described as "pre-hedging," "trading ahead," or "front-running." I instruct you that there is no law or regulation that prohibits a currency dealer like HSBC from buying currency in advance of a fix transaction with a customer.

(Def. 2d Suppl. MIL at 3.)

[2] In its opposition, the Government cites Federal Rule of Evidence 201, which governs judicial notice of "adjudicative facts." (Gov't Oct. 11, 2017, Ltr. (Dkt. 149) at 2.) The court notes, however, that Rule 201 is inapplicable to the present inquiry. Rule 201 applies to "adjudicative facts"—"the facts of the particular case"—but does not purport to govern "legislative facts," which do not change from case to case. See Fed. R. Evid. 201, advisory committee's note (1972 proposed rules); see also United States v. Hernandez-Fundora, 58 F.3d 802, 812 (2d Cir. 1995) ("[W]hile courts may take judicial notice of either legislative or adjudicative facts, only notice of the latter is subject to the strictures of Rule 201."). The presence or absence of regulations governing a certain trading practice would not change based on the parties or facts in a case, and so are more aptly characterized as "legislative facts." See United States v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998) (noting that the contents of a regulation are "obviously legislative, not adjudicative, facts").

prohibition is unwarranted under the circumstances. <u>Cf.</u> <u>Continental Tech. Servs., Inc. v. Rockwell Int'l Corp.</u>, 927 F.2d 1198, 1199 (11th Cir. 1991) (per curiam) ("That federal courts can take notice of state law does not mean that a party relying upon such law need not cite it to the court . . . nor does having the power to take notice of state law mean that federal courts must scour the law of a foreign state for possible arguments a claimant . . . might have made."); <u>United States v. Knauer</u>, 707 F. Supp. 2d 379, 400 (E.D.N.Y. 2010) (vacating conviction in <u>Knauer I</u> in part based on the determination that notice of regulations was improper "where the regulation in question was not brought to the Court's attention by the parties and the Court cannot without difficulty verify its authenticity").[3]

Accordingly, Defendant's motion <u>in limine</u> requesting that the court take judicial notice of the absence of applicable regulations is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
October 18, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] The court notes, however, that it previously denied the Government's motion <u>in limine</u> to preclude Defendant from introducing evidence or arguing that no law or regulation prohibited the trades at issue here. (Sept. 1, 2017, Mem. & Order (Dkt. 101) at 29-32.) Defendant has had ample opportunity to persuade the jury that his trading activity was not improper on this basis.