UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

MARK JOHNSON,

Defendant.

-------------------------------------------------------------------X

MEMORANDUM

16-CR-457-1 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Mark Johnson is charged with one count of conspiracy to commit wire fraud and nine counts of wire fraud. (Indictment (Dkt. 9) ¶¶ 36-40; Sept. 24, 2017, Ltr. Regarding Count 7 (Dkt. 128).) The court assumes familiarity with the allegations against Defendant, which are discussed at greater length in prior opinions. (May 22, 2017, Mem. & Order ("M&O") (Dkt. 61) at 1-3.)

Before the court are Defendant's motions in limine to introduce into evidence both a letter from the Government identifying Defendant's unindicted alleged co-conspirators and, separately, the indictment in a recently filed prosecution in the United States District Court for the Southern District of New York. (Def. Oct. 11, 2017, Ltr. ("Def. 3d Suppl. MILs") (Dkt. 146).) The court denied the motions on the record during trial proceedings held on October 12, 2017, and the purpose of this memorandum is to elaborate the court's reasons for that denial.

I. MOTION IN LIMINE TO INTRODUCE GOVERNMENT'S DISCLOSURE OF UNINDICTED CO-CONSPIRATORS

On April 19, 2017, Defendant moved for a bill of particulars identifying, inter alia, Defendant's unindicted alleged co-conspirators and co-schemers. (Mot. for a Bill of Particulars (Dkt. 56).) In response, the court ordered the Government to identify any unindicted co-

1

conspirators (M&O at 8-11), which the Government did by letter on July 5, 2017 (the "Disclosure Letter") (Gov't July 5, 2017, Ltr. (Dkt. 68)).

Defendant now seeks to introduce the Disclosure Letter into evidence, as he contends it is necessary to inform the jury of the identities of the "others" with whom Defendant is alleged to have conspired to commit wire fraud. (Def. 3d Suppl. MILs at 1-2.) He notes that one of the Government's witnesses, Frank Cahill, is not listed as an unindicted co-conspirator despite Cahill's having testified at trial that his currency trading was intended to increase the price of British Pounds, a central component of the alleged conspiracy. (Id. at 2-3.) Defendant also notes that Dipak Khot, another Government witness, is listed as an unindicted co-conspirator but expressly testified at trial that he did not participate in any conspiracy or scheme to defraud, whether with Defendant or otherwise. (Id. at 3.) Pointing to this tension between the Disclosure Letter and the witnesses' testimony, Defendant contends that the Disclosure Letter is admissible under Federal Rules of Evidence 801(d)(2) as admissions of a party opponent.

Indictments and bills of particulars[1] are generally not admissible as evidence. See United States v. GAF Corp., 928 F.2d 1253, 1260 (2d Cir. 1991) ("Bills of particulars . . . are not evidence in and of themselves."); United States v. Torres, 677 F. Supp. 2d 668, 671 (S.D.N.Y. 2009) ("[A]n indictment is not itself evidence of anything . . . ."). Under limited circumstances, however, accusatory documents and other statements attributable to Government attorneys have been admitted into evidence as admissions by a party-opponent under Federal Rule of Evidence 801(d)(2). The Second Circuit described the conditions for admitting a Government attorney's statement under that rule as follows:

---

[1] While the Disclosure Letter is not formally a bill of particulars, the court treats it as such for purposes of this motion because of its similarities in form and function to a bill of particulars.

2

> First, the district court must be satisfied that the prior argument involves an assertion of fact inconsistent with similar assertions in a subsequent trial. Second, the court must determine that the statements of counsel were such as to be the equivalent of testimonial statements made by the client. Last, the district court must determine by a preponderance of the evidence that the inference that the proponent of the statements wishes to draw is a fair one and that an innocent explanation for the inconsistency does not exist.

United States v. Ford, 435 F.3d 204, 215 (2d Cir. 2006) (internal quotation marks and citations omitted). Following this reasoning, courts have admitted prior statements only in truly exceptional circumstances where the Government's assertions of fact were directly contradicted by its subsequent allegations or arguments to the court. See, e.g., GAF Corp., 296 F.2d at 1260-61 (admitting bill of particulars in previous prosecution of same defendant that contained explicitly contradictory allegations); United States v. Salerno, 937 F.2d 797, 812 (2d Cir. 1991) (stating in dicta that district court should have admitted Government's opening argument from prior prosecution that was inconsistent with theory in later case).

The Disclosure Letter does not fall within the circumscribed exception allowing prior statements of attorneys to be used as opponent admissions, as there is no contradiction between the assertions in that letter and the Government's arguments at trial. While Defendant argues that Cahill's trial testimony is inconsistent with the Disclosure Letter's position that he was not a co-conspirator, the court sees no such incongruity. While Cahill testified that he took actions that furthered the alleged goals of the conspiracy (Tr. 996:3-997:10 (Docket number forthcoming)), he is not alleged to have engaged in or been aware of any of the representations or omissions that form the core of the alleged scheme to defraud. In other words, while Cahill's conduct is alleged to have furthered the aims of the conspiracy, he is not alleged to have been a part of the conspiracy himself. Accordingly, there is no contradiction in the Government's position with respect to his role. The court likewise sees no inconsistency with respect to Khot's

3

testimony: while Khot testified that he did not conspire with Defendant to defraud the alleged victim (Tr. 427:2-427:4), the Government did not adopt that position or otherwise indicate that it accepts his profession of innocence simply by putting him on the stand.[2]

Accordingly, Defendant's motion in limine to introduce the Disclosure Letter into evidence is denied.

## II. MOTION IN LIMINE TO INTRODUCE THE INDICTMENT IN UNITED STATES v. USHER

Defendant separately moves to introduce an indictment filed in a separate criminal case in the Southern District of New York, United States v. Usher, No. 17-CR-019 (the "Usher Indictment"). Defendant points to statements in that indictment that, he contends, directly contradict the Government's assertions in the present prosecution, including discussions about the role of banks as "counterparties" in FX fix transactions. (Def. 3d Suppl. MILs at 5.) On essentially the same basis as that stated above, Defendant contends this indictment should thus be admitted into evidence as an admission by the Government and submitted to the jury.

Defendant's motion to admit the Usher Indictment fails for at least two reasons. First, as Judge Learned Hand explained, "an indictment is not a pleading of the United States, but the charge of a grand jury, and a grand jury is neither an officer nor an agent of the United States, but a part of the court." Falter v. United States, 23 F.2d 420, 425 (2d Cir. 1928). There is thus no basis for treating statements in the indictment as admissions of a party opponent. Moreover, even were that indictment treated as a statement of the Government, the court would not view it as contrary to the Government's position here. The Usher Indictment characterizes the

---

[2] Defendant also briefly argues that the Disclosure Letter should be admitted to allow the jurors to identify the other individuals with whom the Government claims Defendant conspired and assess whether the Government has presented sufficient evidence of their participation. (Def. 3d Suppl. MILs at 3.) The court sees no need to admit the Disclosure Letter into evidence on this basis, however: the jurors are charged with determining for themselves who is and is not part of the conspiracy, and the Government's identification is irrelevant to that determination.

4

participants in FX fix transactions as engaging in principal-to-principal transactions as a general matter. The Government does not contest this general characterization, but instead has argued that Defendant and other HSBC employees made a series of representations to the alleged victim company and so fundamentally altered the scope of duties that they (and HSBC) would usually owe to a counterparty in such a transaction. (Gov't Oct. 11, 2017, Ltr. (Dkt. 148) at 5-6.) The allegations in the Usher Indictment have no bearing on the specific relationship between Defendant and the alleged victim that is at issue here and so cannot be said to contradict the Government's position.

Accordingly, Defendant's motion in limine to introduce the Usher Indictment into evidence is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion in limine to introduce the Disclosure Letter and the Usher Indictment (Dkt. 146) are DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 26, 2017

NICHOLAS G. GARAUFIS
United States District Judge