UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

    -against-

MARK JOHNSON,

    Defendant.

**MEMORANDUM & ORDER**

**16-CR-457-1 (NGG)**

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are three applications by Defendant Mark Johnson for leave to file various documents submitted in conjunction with Defendant's forthcoming sentencing under seal or subject to redactions. First, Defendant requests permission to file redacted versions of sentencing letters submitted by eleven of Defendant's friends and former colleagues, all of whom are currently or were formerly employed in the financial industry. (Def. Mar. 9, 2018, Letter ("Mar. 9 Ltr.") (Dkt. 204).) In this application, Defendant also requests leave to file under seal a letter submitted by a teacher at Defendant's children's school. (Id.) Second, Defendant seeks leave to file under seal twelve other letters that "contain sensitive information about [Defendant's] children that does not belong in the public domain." (Def. Mar. 14, 2018, Letter ("Mar. 14 Ltr.") (Dkt. 206) at 1.) Third, Defendant requests permission to file publicly redacted versions of his sentencing memorandum and the related declarations and exhibits. (Def. Mar. 25, 2018, Letter ("Mar. 25 Ltr.") (Dkt. 209).) The Government has not opposed these applications.

Defendant's applications are GRANTED IN PART and DENIED IN PART.

I.     **LEGAL STANDARD**

"Sentencing proceedings are presumed to be open to the public under the First Amendment's right of access to judicial proceedings and documents." United States v. Huntley,

1

943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013) (Weinstein, J.). "Documents used in aid of sentencing are independently presumed to be open to the public pursuant to the common law right of public access." Id. Both sentencing memoranda and letters of support from third parties are "judicial documents" to which "[a] strong presumption of public access" attaches. United States v. Munir, 953 F. Supp. 2d 470, 477 (E.D.N.Y. 2013) (Weinstein, J.); see United States v. Gotti, No. 17-CR-127 (ARR), 2017 WL 5027990, at *1 (E.D.N.Y. Oct. 30, 2017) (collecting cases). This is so because "the presumption of public access is entitled to great weight whenever a party submits a document to the court for the purposes of influencing its decision, regardless of whether the court ultimately relies on this document." Gotti, 2017 WL 5027990, at *1 (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 123 (2d Cir. 2006)).

While a common-law right of access may be overcome by "balanc[ing] competing considerations against it," the First Amendment right of access can be overcome with "on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (first quoting United States v. Amodeo (Amodeo II), 71 F.3d 1044, 1050 (2d Cir. 1995), and then quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Although these inquiries are technically distinct, courts often conflate them and focus on the more demanding First Amendment standard. See, e.g., Gotti, 2017 WL 5027990, at *1; Munir, 953 F. Supp. 2d at 477. The essential question is whether there are privacy or other interests at stake sufficient to overcome the fact that sentencing documents "are intended to play a significant role 'in the exercise of Article III judicial power.'" See Munir, 953 F. Supp. 2d at 477 (quoting Amodeo II, 71 F.3d at 1049). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation . . . ." N.Y. Times, 828 F.2d at 116; see

also United States v. Litvak, No. 13-CR-19, 2015 WL 328876, at *1-2 (D. Conn. Jan. 23, 2015) (protecting the privacy interests of minor children).

## II. APPLICATION

### A. Letters Written by People Employed in the Financial Services Industry

First, and as noted above, Defendant seeks leave to file versions of eleven letters submitted by people employed in the financial services industry (the "Writers") with the Writers' "names and other personal identifying information" redacted. (Mar. 9 Ltr.) Defendant claims that the Writers have "expressed concern with having their personal information in the public domain for fear of media exposure and/or potential repercussions in their workplace." (Mar. 9 Ltr.)

The court is not convinced that Defendant has met his burden for rebutting the presumption of public access to these letters, including the Writers' identities. Although the court is sensitive to the need for caution when publishing the personal information of third parties, concerns that typically animate the redaction of such information are not obviously present here. See, e.g., United States v. Armstrong, 185 F. Supp. 3d 332, 338 (E.D.N.Y. 2016) (permitting redaction of documents given the need to "demonstrate[e] institutional support for cooperators"); United States v. King, No. 10-CR-122 (JGK), 2012 WL 2196674, at *3 (S.D.N.Y. June 15, 2012) (permitting redaction of records containing third parties' medical information). In one case, a district court rejected the government's argument for sealing the names of several unindicted third parties because the government had not specified particular reputational concerns that implicated the third parties' "substantial privacy interests," nor had the government established the likelihood of reputational injury to the third parties that would come from the mere disclosure of their names. United States v. Simpson, No. 09-CR-249-D, 2010 WL

3633611, at *3 & n.2 (N.D. Tex. Sept. 20, 2010). Similarly, Defendant has not made particular arguments for why reputational harm may come to the Writers, nor has Defendant made an argument for why such harm is likely. Unless Defendant is able to make those showings, the court cannot grant his request for redactions as to the Writers' identities, including their current employment information.

While the Writers' identities are not sufficiently private in nature to overcome the presumption of public access, the court does agree that the Writers have greater privacy concerns regarding their contact information. See Gordon v. FBI, 388 F. Supp. 2d 1028, 1044 (N.D. Cal. 2005) (stating that the FBI need not release contact information for policymaking officials). The court therefore grants Defendant's request to redact the Writers' contact information.

Accordingly, Defendant's request to redact personally identifying information about the Writers is only granted with respect to the Writers' contact information. In advance of the below deadline for compliance with this Memorandum and Opinion, counsel for Defendant may also submit a memorandum of law under seal explaining with particularity why the disclosure of the Writers' names poses a substantial risk of reputational injury or request to withdraw these eleven letters from the court's consideration of Defendant's sentence.

### B. Letters Containing Information about Defendant's Children

Defendant also seeks leave to file under seal one letter written by a teacher at Defendant's children's school, as well as twelve letters containing personal information about Defendant's children. (Mar. 9 Ltr.; Mar. 14 Ltr.) Defendant states that, under the policy of the school where she works, the teacher "cannot file her letter containing sensitive information about the children in the public domain." (Mar. 9 Ltr.) As to the other letters, Defendant claims that

they contain "sensitive information about the children that does not belong in the public domain." (Mar. 14 Ltr.)

Courts generally find that the presumption of public access does not compel disclosure of the names of minor children. See Litvak, 2015 WL 328876, at *2; accord Fed. R. Crim. P. 49.1(a) (mandating the redaction of "the name of an individual known to be minor"). Although, as discussed above, there is a strong presumption of public access to sentencing letters, the right of access is outweighed by the privacy interests in maintaining the confidentiality of personal information about minor children that is contained in these letters. See, e.g., United States v. Kravetz, 948 F. Supp. 2d 89, 93 (D. Mass. 2013) (balancing the right of access with privacy interests by ordering the redaction of portions of a sentencing letter referring to the author's children).

Accordingly, counsel for Defendant shall file public versions of the thirteen letters for which redaction is sought with all references to the children (including names and any other personally identifiable information) redacted and the identities of the authors withheld as requested.[1]

### C. Sentencing Memorandum

Finally, Defendant seeks leave to file publicly redacted versions of his sentencing memorandum, the attached declarations, and annexed exhibits because they contain (1) highly personal and sensitive information about Defendant's children, (2) material subject to the protective order issued by the court on September 1, 2016, and (3) Defendant's confidential termination agreement with HSBC. (Mar. 25 Ltr.)

---

[1] While one of Defendant's children is now an adult, the court treats all children the same for purposes of this order, given that the references in some of these letters to activities that occurred before that child turned eighteen.

The court grants Defendant's request, with one modification. While the court agrees redaction of "highly personal and sensitive information" about Defendant's family is proper, the request to redact all "highly personal and sensitive information" about Defendant himself is too broad. See United States v. Dwyer, No. 15-CR-385 (AJN), 2016 WL 2903271, at *1 (S.D.N.Y. May 18, 2016); see also United States v. Sattar, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (redacting sentencing documents "that concern highly personal family matters relating to [the] defendant" where such personal details had not been publicly disclosed and did not implicate "the values of the associated with public scrutiny of the sentencing process"). Courts routinely deny requests for redaction where the only private interest at stake is the risk to a party's embarrassment; this court is concerned that Defendant's request, read liberally, might result in unjustifiable redactions along those lines.

Accordingly, the court grants Defendant leave to file publicly redacted versions of the sentencing documents insofar as they refer to (1) highly personal and sensitive information about Defendant's children and other family affairs, (2) material subject to the protective order issued by the court on September 1, 2016, and (3) Defendant's confidential termination agreement with HSBC. If Defendant believes that further redactions are necessary, he must submit such a request in advance of the below deadline for public disclosure of the sentencing documents.

## III. CONCLUSION

Defendant's Applications to Redact and File Under Seal Certain Documents (Dkts. 204, 206, 209) are GRANTED IN PART and DENIED IN PART. Defendant is DIRECTED to file versions of these documents on the public docket for this case consistent with the foregoing. The court STAYS this order until April 4, 2018, at 5:00 P.M. so that any party that wishes to appeal on the basis that further sealing is appropriate may seek a lengthier stay from the United States

Court of Appeals for the Second Circuit. See Huntley, 943 F. Supp. 2d at 388. If no such appeal is filed by that time, Defendant shall have until April 9, 2018, at 12:00 P.M. to comply with this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
April 2, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge